NOT DESIGNATED FOR PUBLICATION

No. 123,500

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY E. SHELTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed June 18, 2021. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: Anthony E. Shelton appeals the district court's decision revoking his probation and ordering him to serve a modified sentence. We granted Shelton's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State asks us to affirm the district court's judgment.

On September 7, 2017, Shelton pled guilty to one count each of possession of methamphetamine and possession of drug paraphernalia, for crimes committed in August 2016. Shelton's appearance bond was revoked, and his sentencing hearing was not held until June 1, 2018. At that hearing, the district court imposed a controlling sentence of 18

1

months' imprisonment but granted Shelton's request for probation to be supervised by community corrections.

At a hearing on November 16, 2020, Shelton admitted to violating the conditions of his probation by committing new crimes of possession of methamphetamine, theft, and interference with a law enforcement officer. Noting that Shelton committed new crimes while he was on probation, the district court revoked Shelton's probation and ordered him to serve a modified sentence of 17 months' imprisonment. Shelton timely appealed.

On appeal, Shelton claims the district court "erred by revoking his probation and imposing the underlying prison sentence." The State points out that Shelton violated his probation by committing new crimes.

The procedure for revoking a defendant's probation is governed by K.S.A. 2020 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Shelton admitted violating the conditions of his probation by committing new crimes. Under K.S.A. 2020 Supp. 22-3716(c)(7)(C), the district court may revoke a defendant's probation without imposing intermediate sanctions if the defendant commits a new felony or misdemeanor while on probation. The district court showed leniency to Shelton by modifying his sentence. But based on the record, the district court's decision to revoke Shelton's probation was not arbitrary, fanciful, or unreasonable, and it was not

based on an error of fact or law. Shelton has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve a modified sentence.

Affirmed.